IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EDWARD THOMAS KENNEDY

    Plaintiff,

v.

AT&T, Inc., Randall L. Stephenson,
in his official and individual capacities,
David R. McAtee, in his official and individual
capacities, John J. Stephens. in his official
and individual capacities, Samuel Lou Ginn,
in his official and individual capacities,
Cynthia Davis Miller, in her official and individual
capacities, Pillsbury, Winthrop Shaw Pittman LLP,
Paula Maxine Weber, in her official and individual
capacities, Elizabeth Katherine Roemer, in her
official and individual capacities, Helen Culinar,
in her official and individual capacities, Charles
Allan Davis, in his official and individual capacities,
Ernst & Young LLP, EY, Mark A. Weinberger,
in his official and individual capacities,
Matthew K. Rose, Scott T. Ford, Beth E. Mooney,
Samuel DiPiazza, Joyce M. Roche, Richard W. Fisher,
Michael B. McCallister, Geoffrey Y. Yang, Laura
D'Andrea Tyson, William E. Kennard, Glenn H.
Hutchins, and Cynthia B. Taylor,

Civil Action No. 1 8 - 1 3 1 7
JURY TRIAL DEMANDED





    Defendants,

PLAINTIFF'S ORIGINAL COMPLAINT

1.     TAKE JUDICIAL COGNIZANCE

    a.     Edward Thomas Kennedy, Plaintiff, is one of the people and in the court of record, wishes and demands individual defendants, and/or their counsel, to reply and testify, affirm, and/or declare under penalty of perjury to this complaint.

Plaintiff's Original Complaint

1 of 14

      b.     Concerning all Defendants and especially Defendant BAR Attorneys that hold no professional liability insurance. Plaintiff wishes the Court to Order these Defendants to post Bonds to cover their official and individual liability exposure in this Complaint as stated herein.

      c.     Through the courts, Kennedy encourages the government to obey the law, and Kennedy notices the court and defendants that there are no statute of limitations in this court of record.

      d.     Plaintiff Kennedy objects to the latin slang phrase "pro se" and requests CM/ECF access.

## JURISDICTION AND VENUE

2.     This is a diversity matter, and this court of record has jurisdiction over diversity matters. Defendant AT&T, Inc. is incorporated in the state of Delaware in this court's jurisdiction.

## FIRST CAUSE OF ACTION – TRESPASS

## PARTIES

3.     Edward Thomas Kennedy, (hereinafter "Kennedy" or "Plaintiff") is one of the people of the Pennsylvania, and in this court of record complains of each of the following: AT&T, Inc., Randall L. Stephenson, David R. McAtee, John J. Stephens. Samuel Lou Ginn, Cynthia Davis Miller, Pillsbury, Winthrop Shaw Pittman LLP, Paula Maxine Weber, Elizabeth Katherine Roemer, Helen Culinar, Charles Allan Davis, Ernst & Young LLP, EY, Mark A. Weinberger,[1] and individual AT&T, Inc. Directors as follows: Matthew K. Rose, Scott T. Ford, Beth E. Mooney, Samuel DiPiazza, Joyce M. Roche, Richard W. Fisher, Geoffrey Y. Yang, Michael B. McCallister, Laura D'Andrea Tyson, William E. Kennard, Glenn H. Hutchins, Cynthia B. Taylor, hereinafter "Bandit" and/or "Defendant," and collectively "Bandits" and/or "Defendants;" who are each summoned to

---

[1] EY, and Mark A. Weinberger, https://www.ey.com/gl/en/about-us/our-leaders/mark-weinberger-ey-biography-profile

Plaintiff's Original Complaint

answer and declare under penalty of perjury the said in a plea of trespass, trespass on the case, trespass on the case - vicarious liability, failure to provide a republican form of government, trover, intentional infliction of emotional distress, breach of contract, defamation and fraud, and violation of Whistleblower Retaliation Provisions, to wit:

INTRODUCTION

4. Each Bandit exceeded their jurisdiction by either directly, through an agent, or in concert with another did cause Kennedy to be unlawfully injured against his will, without jurisdiction or good cause. Said Bandits, without good cause, harmed Kennedy. Defendant AT&T Inc. ("AT&T") is a holding company incorporated under the laws of the State of Delaware in 1983 and has its principal executive offices at 208 S. Akard St., Dallas, Texas, 75202. Randall L. Stephenson is current Chief Executive Officer of AT&T, Inc., David R. McAtees is current General Counsel of AT&T, Inc., John J. Stephens is current Chief Financial Officer of AT&T, Inc., Samuel Lou Ginn was CEO of Pacific Telesis Corporation, now AT&T, Inc., Cynthia Davis Miller was a Director at Pacific Bell / Pacific Telesis Corporation, now AT&T, Inc. Pillsbury, Winthrop Shaw Pittman LLP, is a law firm that represented AT&T, Inc. against Kennedy. Paula Maxine Weber, Elizabeth Katherine Roemer, Helen Culinar, Charles Allan Davis, are California BAR Attorneys who conspired against Kennedy. Ernst & Young LLP, is an agent of AT&T, and the independent registered public accounting firm that audited the financial statements included in the Annual Report containing the disclosure required by Item 9,[2] Form 10-K, of Defendant United States Securities and Exchange Commission, Washington, D.C. 20549, Annual Report Pursuant to

---

[2] Link here: https://otp.tools.investis.com/clients/us/atnt2/sec/sec-show.aspx?FilingId=11869124&Cik=0000732717&Type=PDF&hasPdf=1

Section 3 OR 15(d) of the Securities Exchange Act of 1934. Defendant is Mark A. Weinberger is the Global Chairman & CEO of EY, a leading global professional services organization that provides assurance, tax, transaction and advisory services, and said, current individual AT&T. Inc. corporate directors.

5. From the moment he was harmed until the present, Kennedy, under color of law, was kept in constructive financial imprisonment. Kennedy was and is a whistleblower and is protected under US law from retaliation by Defendants. Although he objected to the assumed jurisdiction, those who kept him financially imprisoned under color of law, Defendants did not respond to any of his demands and requests for proof of jurisdiction or for reinstatement of his career or liberty or the return of stolen trade secrets from Kennedy. They continued to assume the jurisdiction without proof of jurisdiction or any attempt at proof of jurisdiction. Kennedy continues to be subject, under color of law, to the assumed jurisdiction, will and control of the Bandits.

SPECIFICS

6. Each defendant acted in such a way, or failed to act in such a way, that Kennedy is injured and damaged. Each defendant acted to deprive Kennedy of his liberty, especially his financial liberty, and/or each defendant failed to act to prevent the loss by Kennedy of his liberty. Further, each defendant is a willing participant in concert with each of the remaining defendants.

7. At all times mentioned in this action each defendant is the agent of the other, and in doing the acts alleged in this action, each is acting within the course and scope of said

agency. The following paragraphs describe what the Bandits, under color of law, either acted or failed to act as obligated.

8. Each defendant exceeded his jurisdiction under color of law. Each defendant acted in concert with the remaining defendants to affect the unlawful loss of liberty of Kennedy, his good reputation, and his ability to earn a living.

9. Defendants ignored Kennedy's objections, and proceeded under color of law and stole Kennedy's trade secrets.. Modern Attorneys Davis, Culinar, Roemer, and Weber, and modern accountant Weinberger as boss of the Defendant accountants conspired to injure Plaintiff. Defendants lied, mislead, misconstrued, misrepresented and filed false paperwork on reports to federal agencies, commissions and agents of the United States government.

10. Defendants have a duty to not cause Plaintiff Kennedy to be harmed under color of law, to not cause loss of liberty, and to honor contracts.

11. Further, defendants have a duty to prove jurisdiction when objection to jurisdiction is asserted.

12. Defendants have breached that duty, and their fiduciary duty to one of the people, Kennedy.

13. The damages for the injury caused by defendants' actions are $1,000 for each day of unlawful behaviors for each defendant, or $1,000,000.00 from each defendant, whichever is greater.

14. The damages for the injury caused by defendant's' absence of required action is $5,000 for each failure to act or $5,000,000.00 from each defendant, whichever is greater.

SECOND CAUSE OF ACTION – TRESPASS ON THE CASE

15. Paragraphs 1 through 14 are included by reference as though fully stated herein.

16. By right, Kennedy reasonably expects to proceed without injury, secure in his capacities. By right, Kennedy reasonably expects to exercise his right to liberty.

17. Defendants have a legal duty to use due care and not cause an injury to Plaintiff Kennedy or interfere with said rights in any way.

18. Defendants breached that duty by proximately or legally, directly and indirectly, causing the injuries to Plaintiff Kennedy.

19. The damages claimed are all a result of the injuries.

THIRD CAUSE OF ACTION – TRESPASS ON THE CASE -VICARIOUS LIABILITY

20. Paragraphs 1 through 19 are included by reference as though fully stated herein.

21. Power is never without responsibility. And when authority derives in part from Government's thumb on the scales, the exercise of that power by private persons becomes closely akin, in some respects, to its exercise by Government itself.

22. The purpose of imposing vicarious liability is to insure the costs of injuries resulting from defective actions are placed on the source of the actions and others who make the actions possible rather than on injured persons who are powerless to protect themselves. For a defendant to be vicariously liable it must play an integral and vital part in the overall production and promotion activity so that the actor is in a position to affect others or, at the

very least, it must provide a link in the chain of exposing the ultimate victim to the actor. The vicariously liable defendant must be in the business of controlling, leasing, bailing, or licensing the actors.

23. Each defendant is an agent of the other, and each has his place in the chain of exposing plaintiff Kennedy to the actors. Each defendant is vicariously liable for each instance of injury to plaintiff. The damages claimed are all a result of the injuries.

FOURTH CAUSE OF ACTION – FAILURE TO PROVIDE A REPUBLICAN FORM OF GOVERNMENT

24. Paragraphs 1 through 23 are included by reference as though fully stated herein.

25. Kennedy wishes Defendants to not breach their fiduciary duty to Kennedy. Kennedy wishes Defendants to not breach their oaths of offices. Kennedy wishes Defendants not to lie, mislead, misconstrue, misrepresent and/or put false information into this court of record

26. Nationwide, the Federal Communications Commission and in California, the California Public Utilities Commission deregulated regulated inside wire assets of AT&T, Inc., through fire walls, but / and neglected to enforce their rules for 40 years allowing Ginn and Stephenson to steal assets and/or cash flow from we the people for personal financial gain. Kennedy complained about this to Ginn. Ginn retaliated and injured and damaged Kennedy, breached his contract promise of a career, and damaged his good name, obstructed his ability to earn a living in violation of whistleblower retaliation provisions.

27. The Constitution guarantees to every state a Republican form of government (Art. 4, Sec. 4). No state may join the United States unless it is a Republic. Our Republic is one dedicated to "liberty and justice for all." Minority individual rights are the priority.

28. The people have natural rights instead of civil rights. The people are protected by the Bill of Rights from the majority. One vote in a jury can stop all of the majority from depriving any one of the people of his rights; this would not be so if the United States were a democracy. The business model of AT&T, Inc, Pillsbury, Winthrop Shaw Pittman LLP, EY, Ernst & Young LLP, are based on a foundation of deceptions, lies and fraud.

29. The damages claimed are all a result of the injuries.

FIFTH CAUSE OF ACTION – ACTION OF TROVER

30. Paragraphs 1 through 29 are included by reference as though fully stated herein.

31. Bandits, notably Ginn and AT&T, Inc., wrongly took, that is stole, Kennedy's trade secrets.

32. Defendant Miller at Pacific Bell Corporation, San Francisco, CA, and San Ramon, CA, now AT&T, Inc., and Pacific Bell, now AT&T, Inc., promised Kennedy a career. Pacific Bell President Ted Sanger also promised Kennedy job security after legal and ethical violations by corporation officers of Pacific Bell, now AT&T, Inc.

33. Defendant Ginn breached said contract, stole Kennedy's trade secrets, and forced him into mind control torture or so-called "Krone Training," and/or "Kroning" and/or "leadership Development" that caused Kennedy's emotional distress.

34. The AT&T, Inc. and the former Time Warner Corporation steals the use the Plaintiff's Kennedy family name without permission or authority. Kennedy is part of the Kennedy family bloodline with a common law copyright of the name kennedy for hundreds of years.

35. The damages claimed are all a result of the injuries.

### SIXTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36. Paragraphs 1 through 35 are included by reference as though fully stated herein.

37. The four elements of intentional infliction of emotional distress are satisfied. The damages claimed are all a result of the injuries.

### SEVENTH CAUSE OF ACTION – BREACH OF CONTRACT

38. Paragraphs 1 through 37 are included by reference as though fully stated herein.

39. Defendant Ginn and AT&T, Inc. breached the contract to Kennedy concerning career;

40. The damages claimed are all a result of the injuries.

### EIGHTH CAUSE OF ACTION – DEFAMATION

41. Paragraphs 1 through 40 are included by reference as though fully stated herein.

42. Defendants injured Kennedy by defamation.

43. The damages claimed are all a result of the injuries.

NINTH CAUSE OF ACTION – FRAUD MATERIAL OMISSION

44. Paragraphs 1 through 43 are included by reference as though fully stated herein.

45. Defendants injured Kennedy by fraud.

46. Material Omission. Securities and Exchange Commission Rule 10b-5, codified at 17 C.F.R. 240.10b-5, targets securities fraud promulgated by the U.S. Securities and Exchange Commission, pursuant to its authority granted under § 10(b) of the Securities Exchange Act of 1934.[1] The rule 7 prohibits any act or omission resulting in fraud or deceit in connection with the purchase or sale of any security. The issue of insider trading is given further definition in SEC Rule 10b5-1.

47. Kennedy was injured as a result of Defendants fraud.

48. The damages claimed are all a result of the injuries.

TENTH CAUSE OF ACTION – VIOLATION OF WHISTLEBLOWER RETALIATION PROVISIONS

49. Paragraphs 1 through 48 are included by reference as though fully stated herein.

50. Defendants Matthew K. Rose, Scott T. Ford, Beth E. Mooney, Samuel DiPiazza, Joyce M. Roche, Richard W. Fisher, Michael B. McCallister, Geoffrey Y. Yang, Laura D'Andrea Tyson, William E. Kennard, Glenn H. Hutchins, Cynthia B. Taylor, and Randall L. Stephenson are sued as individual directors for violations of whistleblower retaliation provisions.

51. Individual corporate directors may be held personally liable for retaliating against a whistleblower under both the Sarbanes-Oxley Act of 2002 (SOX) and the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 (Dodd-Frank).

52. Both SOX and Dodd-Frank allow corporate directors to be held personally liable for deciding to retaliate against a whistleblower.

53. Dodd-Frank does not require that a whistleblower report violations directly to the Securities and Exchange Commission.[3]

54. Kennedy made an internal complaint to Ginn, and said complaint is sufficient to constitute protected activity under Dodd-Frank.

55. Individual Directors of AT&T, Inc. Defendants injured Kennedy.

56. The damages claimed are all a result of the injuries.

LAW OF THE CASE

57. Exhibit "1" is incorporated by reference as though fully stated herein. The date of the claim is the date of the hearing. Statutes and codes shall be the rules of decision as long as they are not in conflict with the common law.

REQUEST FOR RELIEF

58. For that cause of action therefore Plaintiff brings his suit.

59. WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

On all causes of action:

---

[3] In Wadler v. Bio-Rad Labs, Inc., the United States District Court, Northern District of California, held that corporate directors may be held personally liable for retaliating against a whistleblower under both the Sarbanes-Oxley Act of 2002 (SOX) and the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 (Dodd-Frank).

60. For general damages in the sum of $5,000 for each day of unlawful behaviors for each defendant, or $1,000,000.00 from each defendant, whichever is greater;

61. For damages for the injury caused by defendant's' absence of required actions of $5,000 for each failure to act; or $5,000,000.00 from each defendant, whichever is greater;

62. That the court enter a declaratory judgment that defendants have acted arbitrarily and capriciously, have abused their discretion and have acted not in accordance with law, but under color of law;

63. That the court enter a declaratory judgment that defendants have acted contrary to constitutional right, power or privilege;

64. That the court enter a declaratory judgment that defendants' actions were in excess of statutory jurisdiction, authority and short of statutory right;

65. That the court permanently enjoin defendants from interfering in any way with Kennedy's lawful rights and provide him with a lawful government;

66. That the court permanently enjoin defendants from interfering in any way with Kennedy's lawful rights and honor their fiduciary duty to Kennedy;

67. That the Court Order the Federal Communications Commission and AT&T, Inc., upon proper Motion, to immediately cease and desist on 5th generation (5g) microwave (cellular) technology implementation until the end of this lawsuit and AT&T, Inc. proves no harm to Kennedy;

68. That the court grant such, other and further relief as the court deems proper;

69. That the court Order AT&T, Inc., to compensate Kennedy with paychecks in lawful money from 1991 to present, and compensate Kennedy with all retirement benefits. including but not limited to salary, pensions, health insurance and telephone benefits;

70. That the court Order Helen Culinar and Charles Allan Davis to return all legal fees and commissions to Kennedy nunc pro tunc, plus 2% per annum interest on the gross amount of legal fess paid to them by Kennedy;

71. For interest as allowed by law;

72. For costs of suit incurred;

73. That the court grant his attorneys fees;

74. That the court Order AT&T, Inc.to stop the use the Plaintiff's Kennedy's family name without permission or authority, or compensate Kennedy.

75. That the Court Order AT&T, Inc., upon proper Motion, to refile reports with agencies of the United States government, especially the Securities and Exchange Commission, based on the information, disclosures and evidence presented in this complaint;

76. That the court Order AT&T, Inc. to compensate Kennedy $1,000,000.00 for injury and damages under Sixth Cause of Action – Intentional infliction of emotional distress.

77. That the court Order AT&T, Inc. to compensate Kennedy $1,000,000.00 each from said individual Directors of AT&T, Inc under Tenth Cause of Action – violation of Whistleblower Retaliation Provisions for injury and damages.

78.     I, Edward Thomas Kennedy, declare under penalty of perjury that the foregoing facts are true and correct to the best of my knowledge.

Date: August 15, 2018.

_____(SEAL)
Edward Thomas Kennedy
401 Tillage Road
Breinigsville, Pennsylvania
Telephone: 415-275-1244.
fax: 570-609-1810.
pillar.of.peace.2012@gmail.com

Thomas Kennedy
1 T. Tillage Rd.
Missville, PA 18031

U.S. POSTAGE PAID
KUTZTOWN, PA
9530
AUG 22 18
AMOUNT
$3.31
R2305K142139-03

19801

18-1317

Clerk of Court
US District Court
844 N. King St
Wilmington DE 19801

FILED
AUG 24 2018
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

FILED
AUG 24 2018
US DISTRICT COURT
DELAWARE