IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EDWARD THOMAS KENNEDY, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 18-1317-RGA |
| AT&T, INC., et al., | : | |
| Defendants. | : | |

Edward Thomas Kennedy, Breinigsville, Pennsylvania. Pro Se Plaintiff.

**MEMORANDUM OPINION**

November 27, 2018
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Edward Thomas Kennedy proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. This action was commenced on August 24, 2018, and invokes the jurisdiction of this Court by reason of diversity of citizenship of the parties. (D.I. 2 at 2). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff, a resident of the Commonwealth of Pennsylvania, has sued AT&T and its officers and directors, Ernst & Young LLP and its officers and directors, and numerous attorneys. The Complaint contains ten counts, titled as follows: Count One, Trespass; Count Two, Trespass on the Case; Count Three, Trespass on the Case-- Vicarious Liability; Count Four, Failure to Provide a Republican Form of Government; Count Five, Action of Trover; Count Six, Intentional Infliction of Emotional Distress; Count Seven, Breach of Contract; Count Eight, Defamation; Count Nine, Fraud Material Omission; and Count Ten, Violation of Whistleblower Retaliation Provisions.

Plaintiff alleges that each Defendant either directly, through an agent, or in concert with another caused him to be unlawfully injured against his will. (D.I. 2 at 3). Plaintiff alleges that from the moment he was harmed, until present, he was kept in constructive financial imprisonment. (*Id.* at 4). Plaintiff alleges that he is, and was, a whistleblower. (*Id.*). He alleges Defendants caused his unlawful loss of liberty and affected his good reputation and ability to earn a living. (*Id.* at 5). He alleges Defendants lied, misled, misconstrued, misrepresented and filed false paperwork on reports to federal agencies, commissions and agents of the U.S. government. (*Id.*).

1

Plaintiff alleges State and Federal agencies "deregulated regulated inside wire assets of AT&T, Inc., through fire walls, but/and neglected to enforce their rules for 40 years." (*Id.* at 7). He alleges this allowed Defendants Ginn and Stephenson to steal assets and/or cash from "we the people" for personal gain. (Id.). When Plaintiff complained to Ginn, he retaliated, injured and damaged Plaintiff, breached Plaintiff's contract promise of a career, damaged his good name, and obstructed his ability to earn a living in violation of whistleblower retaliation provisions. (*Id.*).

Plaintiff alleges that Ginn and AT&T stole his trade secrets. (*Id.* at 8). He further alleges that AT&T promised him a career and job security after legal and ethical violations by its corporate officers. (*Id.*). Plaintiff alleges that Ginn breached the contract, stole Plaintiff's trade secrets, and forced Plaintiff "into mind control torture or so-called 'Krone Training,' and/or 'Kroning' and/or 'leadership Development' that caused [his] emotional distress." (*Id.*). Plaintiff alleges his family name – Kennedy – was stolen without permission or authority, explaining he is part of the "Kennedy family bloodline with a common law copyright of the name kennedy for hundreds of years." (*Id.* at 9).

Plaintiff alleges that Ginn and AT&T breached the contract concerning Plaintiff's career. (*Id.*). He alleges Defendants defamed and injured him by fraud. (*Id.* at 9-10). Finally, he alleges all individual directors violated whistleblower retaliation provisions.[1] (*Id.* at 10).

Plaintiff seeks compensatory and punitive damages as well as declaratory and injunctive relief.

---

[1] Paragraph 50 names several individuals but does not identify the Boards upon which they sit.

## DISCUSSION

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

3

Plaintiff proceeds *pro se* and, therefore, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

4

As noted, Plaintiff invokes the Court's diversity jurisdiction to hear this case. For diversity jurisdiction the matter in controversy must exceed the sum or value of $75,000, exclusive of interest and costs and be between citizens of different States. See 28 U.S.C. § 1332(a)(1). While Plaintiff generally asserts that he "is one of the people of Pennsylvania," (see D.I. 2 at 2), he does not include sufficient allegations about the citizenship of each defendant. Because of this, the Court cannot determine whether the parties are completely diverse for purposes of section 1332(a). Hence, Plaintiff has failed to plead that this Court has subject matter jurisdiction over this matter.[2]

In addition, the Complaint is deficiently pled. The Complaint does not indicate where any of the wrongful acts occurred. Most of the claims arise under state law and this information necessary. In addition, the Complaint does not indicate when any of the alleged wrongful acts occurred.[3] The only date mentioned in the Complaint is 1991 and it is found in the prayer for relief where Plaintiff asks the Court to order AT&T to compensate him with paychecks from 1991 to present with all retirement benefits, including salary, pensions, health insurance and telephone benefits. (D.I. 2 at ¶ 69).

The Complaint alleges wrongful acts in a conclusory manner without providing supporting facts. Finally, some of the claims are delusional. For example, Plaintiff

---

[2] The whistleblower retaliation cause of action might or might not be a federal cause of action depending upon when the retaliation took place. Given the request for relief dating back to 1991, it seems likely the action took place before the cited federal laws were enacted.

[3] Plaintiff seems to refer particularly to "Samuel Lou Ginn," who "was CEO of Pacific Telesis Corporation, now AT&T, Inc.," as the person who did the most damage to him. While no dates are mentioned, it seems likely that whatever it is that Plaintiff is complaining about is something that happened in the 1990's in California.

alleges he was forced "into mind control torture or so-called 'Krone Training,' and/or 'Kroning' and/or 'leadership development' that caused emotional distress."[4]

After thoroughly reviewing the Complaint and applicable law, the Court draws on its judicial experience and common sense and finds that the claims, as presented, do not state a viable claim. Therefore, the Court will dismiss the Complaint without prejudice. Plaintiff will be given leave to file an amended complaint in the event he can cure the pleading defects discussed above.

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint without prejudice for want of jurisdiction and pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state claims upon which relief may be granted. Plaintiff will be given leave to file an amended complaint.

An appropriate order will be entered.

---

[4] I have never heard of "Krone Training." According to the internet, it seems to have been a controversial leadership development program originating in the 1980's in California.

6