IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EDWARD THOMAS KENNEDY,
        Plaintiff,


                v.                                    Case No.1:18-cv-01317-RGA
                                                      JURY TRIAL DEMANDED


AT&T, INC.,
DAVID R. McATEE,
JOHN J. STEPHENS, and
RANDALL L. STEPHENSON,
                Defendants,

PLAINTIFF'S FIRST AMENDED COMPLAINT

TAKE JUDICIAL COGNIZANCE

A.      Plaintiff Kennedy accepts the oath of office of the Judge assigned to administrate this case and binds him to it and notices this court of record concerning the national emergency, the rule of law and military law, effective  January 1, 2019, under the authority of Executive Order 13825, signed by the United States President Donald J. Trump, for actions by the Defendants and their accounting and law firm agents may include treason.


B.      Executive Order Declares National Emergency


In December of 2017, President Trump issues an Executive Order titled Blocking the Property of Persons Involved in Serious Human Rights Abuse or Corruption. The President in this order declares a national emergency, and declares the following:


"Therefore I determine that serious human rights abuse and corruption around the world constitute an unusual and extraordinary threat to the national security, foreign policy, and economy of the United States, and I hereby declare a national emergency to deal with that threat."


a.      Executive Order 13825 concerning 2018 Amendments to the Manual for Courts-Martial, United States (March 1, 2018) effective January 1, 2019.


b.      Executive Order 13772 on Core Principles for Regulating the United States

Financial System (February 3, 2017).

      c.      Executive Order 13773–on Enforcing Federal Law with Respect to Transnational Criminal Organizations and Preventing International Trafficking (February 9, 2017).

      d.      Executive Order 13800–on Strengthening the Cybersecurity of Federal Networks and Critical Infrastructure (May 11, 2017).

      e.      Executive Order 13818—Blocking the Property of Persons Involved in Serious Human Rights Abuse or Corruption (December 20, 2017).

      f.      *Presidential Proclamation on National Slavery and Human Trafficking Prevention Month, 2019[1]  (January 2019).*

JURISDICTION AND VENUE

      1.      This is a matter under common law Torts and The Racketeer Influenced and

Corrupt Organizations Act commonly referred to as RICO Act or simply RICO, a US federal law

that provides for extended criminal penalties and a civil cause of action for injuries for acts

performed as part of an ongoing criminal organization diversity matter, and this court of record

has jurisdiction over such matters.  Defendant AT&T, Inc. is incorporated in the state of

Delaware in this court's jurisdiction.

      2.      FIRST CAUSE OF ACTION – TRESPASS

PARTIES

      3.      <u>Edward Thomas Kennedy, (hereinafter "Kennedy" or "Plaintiff") is one of</u>

<u>the people of Pennsylvania, and in this court of record </u>complains of each of the following:

AT&T, Inc., David R. McAtee,  John J. Stephens and Randall L. Stephenson, hereinafter

---

[1]

https://www.whitehouse.gov/presidential-actions/presidential-proclamation-national-slavery-human-trafficking-prevention-month-2019/

"Defendant," and "Defendants;" who are each summoned to answer and declare under penalty of perjury the said in a plea of trespass, RICO, trespass on the case, trespass on the case - vicarious liability, trover, failure to provide a republican form of government, intentional infliction of emotional distress, breach of contract, defamation and fraud material Omission, and violation of Whistleblower Retaliation Provisions, to wit:

4.     Each Defendant exceeded their jurisdiction by either directly, through an agent, or in concert with another did cause Kennedy to be unlawfully injured against his will, without jurisdiction or good cause. Said Defendants, without good cause, harmed Kennedy.

5.     Defendant AT&T Inc. ("AT&T") is a holding company incorporated under the laws of the State of Delaware in 1983.[2] AT&T has its principal executive offices at 208 S. Akard St., Dallas, Texas, 75202.[3]

6.     Defendant Randall L. Stephenson is Chief Executive Officer of AT&T, Inc., from 2007 to present,  David R. McAtee is General Counsel, AT&T Inc., and John J. Stephens Chief Financial Officer, AT&T, Inc., hereinafter also "officers."[4]

---

[2] Concerning *Presidential Proclamation on National Slavery and Human Trafficking Prevention Month, January 2019, Kennedy believes his discovery may demonstrate that AT&T Inc is a Transnational Criminal Organization, and not simply a criminal organization under RICO based on evidence relative to real world, telecommunications technology. In other words Defendants have no plausible deniability concerning International and National Slavery and Human Trafficking given their status as officers of AT&T, Inc.*

[3] Defendant AT&T is (probably) owned historically by the Lewis Cass Payseur Trust Company, Inc. through nominee directors and nominee shareholders through interlocking directorships and/or Springs Company, and/or the British crown through traitors to the nation. Based on hearsay evidence, the said trust and/or Springs Company is presumed to be administered by Crandall Close Bowles, c/o Federal Reserve Building, 530 E Trade St, Charlotte, NC 28202. [Ms. Bowles graduated from Wellesley College. Plaintiff Kennedy's ex-wife, Gail Jane is a graduate of Wellesley College]. Kennedy believes the Payseur family hides their assets, including most railroads and the Federal Reserve Banks. The government in U.S. V. AT&T INC., DIRECTV GROUP HOLDINGS, LLC, AND TIME WARNER INC. does not explore the possibility of secret preferred stock holdings in AT&T, Inc., link here: https://www.justice.gov/atr/case/us-v-att-inc-directv-group-holdings-llc-and-time-warner-inc

[4] https://investors.att.com/corporate-governance/leadership

7.     Kennedy was first damaged by AT&T Long Lines Division in San Francisco in 1983 by his AT&T Long Lines homosexual, male boss for not being a homosexual.[5]  Kennedy believes through hearsay that said boss died a horrific death from diseases linked to homosexuality in approximately 1984 or 1985.

8.     Kennedy was damaged and injured by Pacific Telesis (now owned by AT&T) CEO Samuel Ginn[6] by constructive discharge and employment blacklisting.[7]  Ginn retaliated against Kennedy and stole cellular telephone technology, cellular hardware and regulated monopoly Pacific Bell, cash flow from the ratepayers and people of California. In other words, Ginn built AirTouch and Vodafone Corporation on a foundation of financial fraud. Kennedy objected to said frauds and Ginn retaliated by damaging and injuring Kennedy. Ginn is a traitor to the United States in support of the British crown. Ginn's Lawyers were General Counsel Richard Odgers and Pillsbury, Winthrop Shaw Pittman LLP.  Kennedy believe Odgers died a horrific death based on hearsay evidence.[8]

9.      From the moment he was harmed until the present, Kennedy, under color of law, was kept in constructive financial imprisonment by the defendants.

10.     Each defendant today acted in such a way or failed to act in such a way, that  Kennedy is injured and damaged. Each defendant acted to deprive Kennedy of his liberty, especially his financial liberty, and/or each defendant failed to act to prevent the

---

[5] Employment terminated without cause.
[6] https://www.twst.com/bio/sam-ginn/
[7] BABY BELL BOSS: Sam Ginn; Taking Telesis off the Beaten Track, link here:
https://www.nytimes.com/1988/11/20/business/baby-bell-boss-sam-ginn-taking-telesis-off-the-beaten-track.html
[8] The law of karma is not void.

loss by  Kennedy of his liberty. Further, each defendant is a willing participant in concert with each of the remaining defendants.

11.    At all times mentioned in this action each defendant is the agent of the other, and in doing the acts alleged in this action, each is acting within the course and scope of the said agency. The following paragraphs describe what the Bandits, under color of law, either acted or failed to act as obligated.

12.    Each defendant exceeded his jurisdiction under color of law. Each defendant acted in concert with the remaining defendants to affect the unlawful loss of liberty of Kennedy, his good reputation, and his ability to earn a living.

13.    Defendants have breached that duty, and their fiduciary duty to one of the people, Kennedy. The damages for the injury caused by defendants' actions are $5,000 for each day of unlawful behaviors for each defendant, or $1,000,000.00 from each defendant, whichever is greater.

14.    The damages for the injury caused by the defendant's' absence of required action is $5,000 for each failure to act or $5,000,000.00 from each defendant, whichever is greater.

SECOND CAUSE OF ACTION - RICO

15.    Paragraphs 1 through 14 is included by reference as though fully stated herein.

16.    Kennedy sues Defendants in a multi-count cause of action under common law Torts and also The Racketeer Influenced and Corrupt Organizations Act commonly referred to as RICO Act or simply RICO, a US federal law that provides for extended

criminal penalties and a civil cause of action for injuries for acts performed as part of an ongoing criminal organization[9] including RICO violations by AT&T that includes the following:

17.     The Defendants have systematically and continuously, over the last ten (10) years and more, conducted a corrupt enterprise in violation of the Racketeer Influenced and Corrupt Organization ("RICO") Act, all of which acts are continuing in nature. As grounds, therefore beginning in 2008 to the present, Defendant Stephenson misstated, misinformed and filed fake financial records on government websites, supported by self-authenticating digital evidence, and the fact that AT&T, Inc. and AT&T CEO Stephenson uses alternative metrics to avoid generally accepted accounting principles (GAAP). It is a financial fraud crime to lie or misconstrue information to the government in form 10-k filings at the sec.gov website under RICO and the agency law of the Securities and Exchange Commission, and Stephenson lied, misstated and misconstrued 10-k filings.

19.     The damages claimed are all a result of the injuries.

THIRD CAUSE OF ACTION – TRESPASS ON THE CASE -VICARIOUS LIABILITY

20.     Paragraphs 1 through 19 is included by reference as though fully stated herein.

---

[9] 18 U.S. Code § 1961 - Elements of Racketeering et seq.
Racketeering encompass a wide range of criminal activities that are directed towards generating a profit. The actual income-generating activities may constitute a criminal offense. AT&T, Inc., an organized criminal enterprise, and a transnational criminal organization, pursued financial fraud evidenced herein from the official public record, Said activity may also expose AT&T to prosecution under the federal mail and wire fraud statutes, and now in this state of emergency, military law. Efforts by AT&T and Stephenson to conceal the criminal nature of these activities may also constitute criminal offenses.

21.     Power is never without responsibility. And when authority derives in part from Government's thumb on the scales, the exercise of that power by private persons becomes closely akin, in some respects, to its exercise by Government itself.

22.     The purpose of imposing vicarious liability is to ensure the costs of injuries resulting from defective actions are placed on the source of the actions and others who make the actions possible rather than on injured persons who are powerless to protect themselves. For a defendant to be vicariously liable it must play an integral and vital part in the overall production and promotion activity so that the actor is in a position to affect others or, at the very least, it must provide a link in the chain of exposing the ultimate victim to the actor. The vicariously liable defendant must be in the business of controlling, leasing, bailing or licensing the actors.  Each defendant is an agent of the other, and each has his place in the chain of exposing plaintiff Kennedy to the actors. Each defendant is vicariously liable for each instance of injury to the plaintiff.

23.     The damages claimed are all a result of the injuries.

FOURTH CAUSE OF ACTION – FAILURE TO PROVIDE A REPUBLICAN FORM OF GOVERNMENT

24.     Paragraphs 1 through 23 is included by reference as though fully stated herein.

25.     Kennedy wishes Defendants to not breach their fiduciary duty to Kennedy. Kennedy wishes Defendants to not breach their oaths of offices. Kennedy wishes Defendants not to lie, mislead, misconstrue, misrepresent and/or put false information into either this court of record or the official public record.

26.     Nationwide, the Federal Communications Commission and in California, the California Public Utilities Commission deregulated regulated inside wire assets of AT&T, Inc., through firewalls, but/and neglected to enforce their rules for 40 years allowing Ginn and Stephenson to steal assets and/or cash flow from we the people for personal financial gain. Kennedy complained directly about this to AT&T CEO Ginn. Ginn retaliated and injured and damaged Kennedy, breached his contract promise of a career, and damaged his good name, obstructed his ability to earn a living in violation of whistleblower retaliation provisions.

27.     The Constitution guarantees to every state a Republican form of government (Art. 4, Sec. 4). No state may join the United States unless it is a Republic. Our Republic is one dedicated to "liberty and justice for all." Minority individual rights are the priority.

28.     The people have natural rights instead of civil rights. The people are protected by the Bill of Rights from the majority. One vote in a jury can stop all of the majority from depriving any one of the people of his rights; this would not be so if the United States were a democracy. The business model of AT&T, Inc, and its agents Pillsbury, Winthrop Shaw Pittman LLP, EY, and Ernst & Young LLP, are based on a foundation of deceptions, lies and fraud.

29.     The damages claimed are all a result of the injuries.

FIFTH CAUSE OF ACTION – ACTION OF TROVER

30.     Paragraphs 1 through 29 is included by reference as though fully stated herein.

31.      Ginn and AT&T, Inc., wrongly took, that is stole, Kennedy's trade secrets, and demoted him from a professional MBA job in Strategy, Marketing and Planning to Operations in the coin public telephone division, a business that is now effectively dead.

32.      Pacific Telesis / Pacific Bell Corporation, San Francisco, CA, and San Ramon, CA, now owned by AT&T, Inc., and its officers, promised Kennedy a career.

33.      Pacific Bell, now AT&T, Inc. President Ted Sanger also promised Kennedy job security after legal and ethical violations by corporation officers of Pacific Bell, now AT&T, Inc.

34.      AT&T, Inc. Ginn breached said contract, stole Kennedy's trade secrets and forced him with not consent into satanic, mysticism, mind control torture or so-called "Krone Training," and/or "Kroning" and/or "leadership Development."[10] See TRYING TO BEND MANAGERS' MINDS Guess who could conduct your next management training session. Werner Erhard of est fame, Church of Scientology, or some other "human potential" guru.[11] Such evil intent by Ginn and AT&T directly causes Kennedy's emotional distress.

35.      The AT&T, Inc. and the former Time Warner Corporation steal the use the s Kennedy family name without permission or authority. Kennedy is part of the Kennedy family bloodline with common law copyright of the name Kennedy for thousands of years based on Kennedy's research in English and Irish libraries in Europe.

36.      The damages claimed are all a result of the injuries.

SIXTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

---

[10] https://www.upi.com/Archives/1987/03/24/Phone-company-dabbles-in-mysticism/4737543560400/
[11] https://money.cnn.com/magazines/fortune/fortune_archive/1987/11/23/69878/index.htm

37.     Paragraphs 1 through 36 is included by reference as though fully stated herein.

38.     Elements of intentional infliction of emotional distress as a tort is as follows: (1) the defendant must act intentionally or recklessly; (2) the defendant's conduct must be extreme and outrageous, and (3) the conduct must be the cause (4) of severe emotional distress. Kennedy says all four elements are met.

39.     The damages claimed are all a result of the injuries.

SEVENTH CAUSE OF ACTION – BREACH OF CONTRACT

40.     Paragraphs 1 through 39 is included by reference as though fully stated herein.

41.     Defendant Ginn and AT&T, Inc. breached the employment contract to Kennedy concerning career;

42.     The damages claimed are all a result of the injuries.

EIGHTH CAUSE OF ACTION – FRAUD MATERIAL OMISSION

43.     Paragraphs 1 through 42 is included by reference as though fully stated herein.

44.     Defendants injured Kennedy by fraud.

45.     Material Omission. Securities and Exchange Commission Rule 10b-5, codified at 17 C.F.R. 240.10b-5, targets securities fraud promulgated by the U.S. Securities and Exchange Commission, pursuant to its authority granted under § 10(b) of the Securities Exchange Act of 1934.[1]

46.     Rule 7 prohibits any act or omission resulting in fraud or deceit in connection with the purchase or sale of any security. The issue of insider trading is given a further definition in SEC Rule 10b5-1.

47.     Kennedy was injured as a result of Defendants fraud.

48.     The damages claimed are all a result of the injuries.

TENTH CAUSE OF ACTION – VIOLATION OF WHISTLEBLOWER RETALIATION PROVISIONS

49.     Paragraphs 1 through 48 is included by reference as though fully stated herein.

50.     Individual corporate directors may be held personally liable for retaliating against a whistleblower under both the Sarbanes-Oxley Act of 2002 (SOX) and the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 (Dodd-Frank).

51.     Both SOX and Dodd-Frank allow corporate directors to be held personally liable for deciding to retaliate against a whistleblower.

52.     Dodd-Frank does not require that a whistleblower report violations directly to the Securities and Exchange Commission.[12]

53.     Kennedy made an internal complaint to Ginn and this complaint is sufficient to constitute protected activity under Dodd-Frank.

54.     AT&T, Inc. and officer Defendants and their agents injured Kennedy.

55.     The damages claimed are all a result of the injuries.

---

[12] In Wadler v. Bio-Rad Labs, Inc., the United States District Court, Northern District of California, held that corporate directors may be held personally liable for retaliating against a whistleblower under both the Sarbanes-Oxley Act of 2002 (SOX) and the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 (Dodd-Frank).

LAW OF THE CASE

56.     Exhibit "1" is incorporated by reference as though fully stated herein. The date of the claim is the date of the hearing.

57.     Statutes and codes shall be the rules of decision as long as they are not in conflict with the common law.

REQUEST FOR RELIEF

58.     For that cause of action, therefore, Plaintiff brings his suit.

59.     WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

On all causes of action:

60.     For general damages in the sum of $5,000 for each day of unlawful behaviors for each defendant, or $1,000,000.00 from each defendant, whichever is greater;

61.     For damages for the injury caused by the defendant's' absence of required actions of  $5,000 for each failure to act; or $5,000,000.00 from each defendant, whichever is  greater;

62.     That the court enter a declaratory judgment that defendants have acted arbitrarily and capriciously, have abused their discretion and have acted not in accordance with law, but under color of law;

63.     That the court enter a declaratory judgment that defendants have acted contrary to constitutional right, power or privilege;

64.     That the court enter a declaratory judgment that defendants' actions were in excess of statutory jurisdiction, authority and short of statutory right;

65.     That the court permanently enjoin defendants from interfering in any way with Kennedy's lawful rights and provide him with a lawful government;

66.     That the court permanently enjoin defendants from interfering in any way with Kennedy's lawful rights and honor their fiduciary duty to Kennedy;

67.     That the Court Order the Federal Communications Commission and AT&T, Inc., upon proper Motion, to immediately cease and desist on 5th generation (5g) microwave (cellular) technology implementation until the end of this lawsuit and AT&T, Inc. proves no harm to Kennedy;

68.     That the court grant such, other and further relief as the court deems proper;

69.     That the court Order AT&T, Inc., to compensate Kennedy with paychecks in lawful money from 1991 to present and compensate Kennedy with all retirement benefits. including but not limited to salary, pensions, health insurance and telephone benefits;

71.     For interest as allowed by law;

72.     For costs of suit incurred;

73.     That the court grant  his attorneys fees;

74.     That the court Order AT&T, Inc. to stop the use the Plaintiff's Kennedy's family name without permission or authority, or compensate  Kennedy.

75.     That the Court Order AT&T, Inc., upon proper Motion, to refile reports with agencies of the United States government, especially the Securities and Exchange Commission, based on the information, disclosures and evidence presented in this complaint;

76.     That the court Order AT&T, Inc. to compensate Kennedy $1,000,000.00 for injury and damages under Sixth Cause of Action – Intentional infliction of emotional distress.

77.     That the court Order AT&T, Inc. to compensate Kennedy $1,000,000.00 each from said individual Directors of AT&T, Inc under Tenth Cause of Action – a violation of  Whistleblower Retaliation Provisions for injury and damages.

78.     I, Edward Thomas Kennedy, declare under penalty of perjury that the foregoing facts are true and correct to the best of my knowledge.

Date: January 4, 2019.


Attached: Exhibit 1, Law of the Case

(22 pages)

*/s/ Edward Thomas Kennedy   (seal)*

_____SEAL
Edward Thomas Kennedy, Plaintiff
[MBA, Notre Dame, 1977]
401 Tillage Road
Breinigsville, Pennsylvania
Telephone: 415-275-1244.
Fax: 570-609-1810.
Email: pillar.of.peace.2012@gmail.com
Email: kennedy2018@alumni.nd.edu

CERTIFICATE OF SERVICE

I hereby certify that on January, I filed the foregoing Amended Complaint and Exhibit 1

Law of the Case, and this Certificate of Service to the Clerk of this Court by ECF and Service of

Process served both said documents for all the Defendants by US Certified Mail - Return Receipt

Requested (green Card) Number 7018 1830 0002 2252 4962 on the following AT&T, Inc. officer

party:

     David R. McAtee, General Counsel
     AT&T, Inc.
     208 S. Akard St.,
     Dallas, Texas, 75202

Dated this 4th day of January 2019.

*/s/ Edward Thomas Kennedy*   *(seal)*
_____

EDWARD THOMAS. KENNEDY