IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EDWARD THOMAS KENNEDY, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 18-1317-RGA |
| AT&T, INC., et al., | : | |
| Defendants. | : | |

Edward Thomas Kennedy, Breinigsville, Pennsylvania. Pro Se Plaintiff.

**MEMORANDUM OPINION**

May 24, 2019
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Edward Thomas Kennedy proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. This original Complaint was dismissed on November 27, 2018, without prejudice for want of jurisdiction and for failure to state claims upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff was given leave to amend. The Amended Complaint, filed January 4, 2019, invokes the jurisdiction of this Court by reason of diversity of citizenship of the parties. (D.I. 13). It also raises a federal question. (*Id.*). The Court proceeds to review and screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff, a resident of the Commonwealth of Pennsylvania, has sued AT&T, its chief executive officer, general counsel, and chief financial officer. The Amended Complaint contains nine counts, titled as follows: Count One, Trespass; Count Two, RICO; Count Three, Trespass on the Case Vicarious Liability; Count Four, Failure to Provide a Republican Form of Government; Count Five, Action of Trover; Count Six, Intentional Infliction of Emotional Distress; Count Seven, Breach of Contract; Count Eight, Fraud Material Omission; and Count Ten, Violation of Whistleblower Retaliation Provisions.[1]

The Amended Complaint is very similar to the original complaint with the exception of the RICO count and the omission of claims for trespass on the case and defamation. New allegations include that in 1983 in San Francisco, Plaintiff was first

---

[1] The Amended Complaint contains a Count Eight and a Count Ten, but no Count Nine.

1

damaged by AT&T by his male boss for not being a homosexual. (*Id.* at 4). Plaintiff alleges that Pacific Telesis CEO Samuel Ginn[2] damaged and injured him by "constructive discharge and employment blacklisting," that Ginn retaliated against Plaintiff and "stole cellular telephone technology, cellular hardware and regulated monopoly Pacific Bell," and that Ginn is a "traitor to the United States in support of the British crown." (*Id.*).

Count Two, the RICO Count, alleges that Defendants systematically and continuously, over the last ten years, conducted a corrupt enterprise in violation of RICO, with all acts continuing in nature. (*Id.* at 6) The Amended Complaint alleges that "Stephenson misstated, misinformed and filed fake financial records on government websites, supported by self-authenticating digital evidence," and AT&T CEO Stephenson used "alternative metrics to avoid generally accepted accounting principles." (*Id.*).

Plaintiff once again alleges the following: Each Defendant "either directly, through an agent, or in concert with another [caused him] to be unlawfully injured against his will." (D.I. 13 at 3). From the moment he was harmed, until present, he was kept in "constructive financial imprisonment." (*Id.* at 4). Defendants caused his "unlawful loss of liberty [and affected] his good reputation, and his ability to earn a living." (*Id.* at 5). Defendants lied, misled, misconstrued, misrepresented, and filed

---

[2] The Court takes judicial notice that Ginn served as the Chairman and Chief Executive Officer of Pacific Telesis Group from April 1988 to 1994. *See* https://www.bloomberg. com/research/stocks/ private/person. asp?personId=559163&privcapId=28113475& previousCapId=4259117&previousTitle=Chapman%20University (last visited May 21, 2019).

2

false paperwork on reports to federal agencies, commissions and agents of the U.S. government. (*Id.* at 6).

State and Federal agencies "deregulated regulated inside wire assets of AT&T, Inc., through firewalls, but/and neglected to enforce their rules for 40 years," which allowed Ginn and Stephenson "to steal assets and/or cash from we the people for personal financial gain." (*Id.* at 8). Plaintiff complained to Ginn, who retaliated, injured and damaged Plaintiff, breached Plaintiff's "contract promise of a career," damaged his good name, and "obstructed his ability to earn a living in violation of whistleblower retaliation provisions." (*Id.*).

Ginn and AT&T stole his trade secrets. (*Id.* at 9). AT&T promised him a career and job security after legal and ethical violations by its corporate officers. (*Id.*). Ginn breached the contract, stole Plaintiff's trade secrets, and forced Plaintiff into "mind control torture or so-called 'Krone Training,' and/or 'Kroning' and/or 'leadership development'" that caused his emotional distress. (*Id.*). Plaintiff's family name – Kennedy – was stolen without permission or authority, and Plaintiff explains he is part of the "Kennedy family bloodline with common law copyright of the name Kennedy for thousands of years." (*Id.*).

Ginn and AT&T breached the contract concerning Plaintiff's career. (*Id.* at 10). Defendants injured him by fraud. (*Id.* at 10-11). All individual directors violated whistleblower retaliation provisions. (*Id.* at 11-12).

Plaintiff seeks compensatory and punitive damages as well as declaratory and injunctive relief.

3

## LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Plaintiff proceeds *pro se* and, therefore, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than

4

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

The Amended Complaint now states a basis for this Court's jurisdiction as there is diversity of citizenship and the amount in controversy, as pled, meets the statutory

5

requirements. *See* 28 U.S.C. § 1332. The Amended Complaint also attempts to raise a federal claim which would vest this Court with jurisdiction under 28 U.S.C. § 1331.

The Amended Complaint, however, is deficiently pled. The Complaint does not indicate where any of the alleged wrongful acts occurred although California is mentioned. As the Court previously observed, "[m]ost of the claims arise under state law and this information [is] necessary." (D.I. 10 at 5)

In addition, assuming arguendo that the claims occurred in California, it seems that many, if not all, are time-barred. Plaintiff alleges he was "first damaged" in 1983, alleges that he was constructively discharged and blacklisted by Pacific Telesis CEO Ginn who held that position from 1988 to 1994 and, in the prayer for relief seeks compensation from 1991 to present with all retirement benefits, including salary, pensions, health insurance and telephone benefits. (D.I. 13 at ¶ 69). In California, the statute of limitations for civil claims typically ranges from one to ten years. *See* https://statelaws.findlaw.com/california-law/california-civil-statute-of-limitations-laws.html (last visited May 21, 2019).

Nor does Plaintiff provide any dates for the retaliation claims he attempts to raise under the Whistleblower provisions of the Sarbanes-Oxley Act of 2002 and the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010. "The recovery procedures under the anti-retaliation provisions of Dodd–Frank and Sarbanes–Oxley differ in critical respects. . . . Sarbanes-Oxley [] contains an administrative-exhaustion requirement and a 180–day administrative complaint-filing deadline, *see* 18 U.S.C. § 1514A(b)(1)(A), (2)(D), [and] Dodd-Frank permits a whistleblower to sue a current or former employer directly in federal district court, with a default limitation period of six

6

years, see § 78u–6(h)(1)(B)(i), (iii)(I)(aa)." *Digital Realty Tr., Inc. v. Somers*, 138 S. Ct. 767, 774-75 (2018). There are no allegations that Plaintiff exhausted the administrative remedy requirement of Sarbanes-Oxley Act. Nor do any of the dates referred to fall within the six-year limitation under Dodd-Frank.

The newly added RICO claim is deficiently pled. Plaintiff alleges that "[t]he Defendants have systematically and continuously, over the last ten (10) years and more, conducted a corrupt enterprise in violation of [RICO]." (D.I. 13 ¶ 17). To advance a civil claim under RICO, a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004) (citing *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479 (1985)); *see also* 18 U.S.C. § 1962.

Establishing these elements requires "'continuity plus relationship' among the predicate acts," of which there must be at least two in order to satisfy the 18 U.S.C. § 1961(5) definition of "a pattern of racketeering activity." *Liberty Bell Bank v. Rogers*, 726 F. App'x 147, 151 (3d Cir. 2018) (citing *Sedima*, 473 U.S. at 496 n.14). Racketeering activity is defined under 18 U.S.C. § 1961(1) as any predicate act from a long list of state or federal offenses. Predicate acts "are related when they have 'the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics.'" *Liberty Bell Bank*, 726 F. App'x at 153 (citing *Sedima*, 473 U.S. at 496 n.14). And, "[c]ontinuity is a temporal concept . . . 'both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a

7

threat of repetition.'" *Hughes v. Consol-Pa Coal Co.*, 945 F.2d 594, 609 (3d Cir. 1991) (citing *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 241 (1989)).

While 18 U.S.C. § 1964(c) provides for civil monetary remedies for "[a]ny person injured in his business or property by reason of a violation of § 1962 of this chapter," the Amended Complaint does not allege any operative facts to establish the elements required under § 1962. The bare allegations in the Amended Complaint that beginning in 2008 to the present, Stephenson misstated, misinformed and filed fake financial records on government websites, supported by self-authenticating digital evidence . . . and AT&T and Stephenson use[] alternative metrics to avoid generally accepted accounting principles" does not suffice. (D.I. 13 at ¶ 17). The conclusory allegations simply do not state a RICO claim. In addition, while there are no allegations when Plaintiff "discovered" his alleged injury, given his mention of the year 2008, it appears the civil RICO claim is time-barred. See *Rotella v. Wood*, 528 U.S. 549, 554 (2000) (statute of limitations for a civil RICO claim is four years from the time of the injury or the discovery of the injury). Accordingly, the claim fails.

As in the original Complaint, the Amended Complaint alleges wrongful acts in a conclusory manner without providing supporting facts and some of the claims are delusional. (*See* D.I. 13 at ¶ 34). The Court has thoroughly reviewed the Amended Complaint and applicable law and, drawing on its judicial experience and common sense, finds that the claims are frivolous. Therefore, the Court will dismiss the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The Court finds amendment futile, having provided Plaintiff an opportunity to correct his pleading deficiencies, to no avail. *See Foman v. Davis*, 371 U.S. 178, 182

8

(1962). The Court also observes that Plaintiff has raised the same or similar issues (*i.e.*, trespass on the case, RICO, trespass on the case – vicarious liability, failure to provide a republican form of government, intentional infliction of emotional distress) against different defendants in the United States District Court for the Eastern District of Pennsylvania and the Middle District of Pennsylvania. *See Kennedy v. Petrus*, 2019 WL 1867942 (M.D. Pa. Apr. 25, 2019); *Kennedy v. Greenstein*, 2019 WL 1177976 (M.D. Pa. Mar. 13, 2019); *In re Kennedy*, 2019 WL 331684 (E.D. Pa. Jan 25, 2019)[3] (summarizing cases filed in the E.D. Pa. and requiring Plaintiff to show cause why he should not be barred from filing civil non-habeas cases related to facts already litigated without prepayment of the filing fee and administrative fee unless he pleads imminent danger).

## CONCLUSION

For the above reasons, the Court will dismiss the Amended Complaint as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i). The Court finds amendment futile. Plaintiff's motion to compel service of process will be dismissed as moot. (D.I. 14).

An appropriate order will be entered.

---

[3] On February 11, 2019, Plaintiff was enjoined from further filings on issues pending or dismissed without paying the fees required of every litigant. *Kennedy v. County of Lehigh Pennsylvania*, Civ. No. 19-163 (E.D. Pa. Feb. 11, 2019) at D.I. 16.